The First National Bank of Sandy Hill *vs.* Fancher.

A village tax collector, having a tax warrant in due form of law made out against the tax payers of the village, among whom are various stockholders in a bank, some of whom refuse to pay their taxes, and others direct him to call at the bank and receive their taxes, has no right to take from a drawer in the bank, without the consent of the officers, sufficient money to pay the taxes of such stockholders; even though each person named as a stockholder on the assessment roll and tax warrant may have left with the bank dividends unpaid sufficient to pay his taxes.

APPEAL from the judgment of the Supreme Court, entered upon the decision of a judge at the circuit, a jury being waived. The facts are stated in the opinion.

*Paris & Terry*, for the plaintiffs.

*Hughes & Northup*, for the defendant.

*By the Court*, Potter, J. The defendant, as village collector of Sandy Hill, had a tax warrant in due form of law, made out by the trustees of the village, against the tax payers of said village, and among others, against various stockholders in the plaintiffs' bank; some of whom refused to pay their taxes, and two of whom directed the collector to call at the bank and receive such taxes. The defendant called at the bank for such taxes, and the bank refused to pay them. While in the bank, a drawer being opened which contained money, the defendant took therefrom $119.27, sufficient to pay the taxes against such stockholders, which he paid over to the treasurer of the village upon his warrant. This action is brought against the defendant for the recovery of such money as taken by him from the bank.

The only real question in this case is, can the defendant, as collector, be justified in taking the money of the plaintiffs, to pay the taxes of the plaintiffs' stockholders.

Assuming to be true, the facts, as claimed by the de-

139

First National Bank of Sandy Hill *v.* Fancher.

fendant, to wit, the due election of the trustees of the village, and of the defendant as collector, the delivery to him of the assessment roll and its regularity and validity, with a proper tax warrant annexed, made out according to law, and duly signed by such trustees; that the persons named in said warrant, whose tax he thus satisfied were stockholders, or shareholders in said bank and assessed for their said shares; that the defendant, as such collector, had posted all the legal notices, and had attended to receive such taxes; and that such taxes had not been paid; and further, that such shareholders had directed him to go to the bank to receive the amount of their taxes. Admit, further, that which the defendant offered to prove on the trial, but which the judge refused to receive, that each person named as a stockholder on such roll and tax warrant had left with the plaintiffs dividends unpaid, sufficient to pay the taxes so assessed against each, how does all that justify the act of the defendant in taking the money of the plaintiffs?

It is claimed that by section 11 of chapter 97, of the laws of this state, of 1865, banks are required to retain so much of the dividends belonging to the shareholder, as shall be necessary to pay any tax authorized by said act. It is true, this act authorizes the bank to *retain* such dividends; but there is therein, neither direction given nor authority conferred on the banks to pay such taxes. It is doubtless wise, to authorize banks to retain the dividends of non-resident, or transient, or other stockholders, for such purpose; so that the government, or the local municipal authorities may have power, by the provisions of law, to reach such funds; but the power to retain, would not be a defense to a bank which should pay, or, without proper vouchers, attempt to use their stockholders' money for a purpose not expressly authorized.

Until dividends are paid by the bank, such dividends are not separated from the other funds of the bank. The

bank is liable only to pay when they are legally demanded. The bank is the proprietor of the funds, till separated by payment. The stockholder has no specific fund which can be identified and separated from the common moneys of the bank. He has only the bank's liability to pay; but until payment, it is no specific portion of the bank's moneys that can be separated by a stockholder, or a creditor, from the common or other funds of the bank, even though such creditor may have judgment and execution against the stockholder. The bank may be a debtor to the shareholder, with a legal lien created by statute, to meet the shareholder's taxes; but it has no power of attorney or other authority to pay his debts; not even his taxes. The circulating means of the bank is by no means the goods, chattels or money of the stockholder, that is the subject of levy. The equity which the statute may give to taxes, over other demands, in the dividends of a stockholder of a bank, does not authorize a ministerial officer to execute the duties of a court of equity in this summary way, and separate an equitable proportion of the interest of the stockholder from the common funds of the bank, as the debtor of the stockholder.

I am unable to see any justification for this act of the defendant.

I think the judgment should be affirmed.

Judgment affirmed.

[St. Lawrence General Term, October 1, 1867. *James, Rosekrans* and *Potter* Justices.]